421 A.2d 442

**COMMONWEALTH of Pennsylvania,**

v.

**John LANDI, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed July 25, 1980.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

On March 16, 1979 appellant, John Frank Landi, pleaded guilty to seven charges of armed robbery, one charge of attempted robbery and seven charges of conspiracy. Three other defendants, who were involved in the crimes in various stages and capacities, also entered pleas of guilty. On July 13, 1979, appellant and co–defendant, Frank Davis, were sentenced to serve no less than five nor more than ten years in prison on the robbery informations and concurrent five–year terms of probation on the conspiracy and attempted robbery charges to commence upon their release on parole on the robbery sentences. The other two defendants received lesser sentences. Appellant filed a motion to reconsider the sentence which was dismissed on August 6, 1979.[1]

In this appeal, appellant contends that his sentence was unduly harsh and excessive because (1) imprisonment of a paraplegic constitutes cruel and unusual punishment; (2) two co–defendants received lesser sentences; and (3) the district attorney allegedly failed to abide by a pre–plea agreement to recommend a non–jail sentence.

As a result of an automobile accident on November 17, 1971, appellant is paralyzed from the waist down. Although he is confined to a wheelchair, appellant is able to feed, clothe and bathe himself, and can get in and out of an

---

1. Appellant filed a Petition for Reconsideration of Sentence Nunc Pro Tunc because his counsel filed the petition two days after the tenth day from the imposition of sentence. *See:* Pa.R.Crim.P. 1410. The trial court granted this motion on July 30, 1979. Appellant also filed a Petition for Writ of Habeas Corpus in which he alleged the same issues as in the Petition for Reconsideration. On July 30, 1979, the trial court consolidated both petitions for argument on August 6, 1979.

138

automobile without assistance. Despite his disability appellant participated in the robberies of eight business establishments over a period of three days. The record reveals that appellant took an active role in planning the robberies and supplied co–defendant Frank Davis with a .22 pistol. Davis fired the pistol during three robberies but no one was injured. Appellant remained in the automobile during each incident and acted as a lookout.

■  Appellant concedes that the trial court made no procedural errors in imposing sentence. Nonetheless, he argues that a sentence of imprisonment for a paraplegic constitutes cruel and usual punishment. We disagree.

■  Imposition of a proper sentence under the Sentencing Code, 18 Pa.C.S. § 1301 et seq., is a matter vested in the sound discretion of the trial court, whose determination will not be disturbed on appeal but for a manifest abuse of discretion. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). The trial court must consider the character and background of the defendant as well a the particular circumstances of the crime in light of the legislative guidelines. The sentence imposed must reflect the minimum sentence consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. 18 Pa.C.S. § 1321(b); *Commonwealth v. Knight, supra; Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

■  We perceive no abuse of discretion in the instant case. In imposing sentence, the trial court considered the appropriate factors in accordance with the Sentencing Code. *See: Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). The trial court took due consideration of appellant's physical limitations, but determined that incarceration was necessary in light of the seriousness and number of the offenses, the possession and use of a weapon, the major role appellant took in planning the escapades and appellant's age and background. Appellant would have us hold that a sentence

of imprisonment for a paraplegic is excessive per se. Such an absolute rule is repugnant to the individualized sentencing procedures adopted in Pennsylvania. A defendant's physical condition, like that of his mental condition, is just one factor that the trial court may consider in the exercise of its discretion in imposing sentence. *See: Commonwealth v. Martin, supra.*

■ Appellant further argues that the trial court should have modified its sentence in accordance with the Act of May 31, 1919, P.L. 356, No. 170 as amended by Act of January 26, 1966, P.L. (1965) 1593, No. 561, § 1, 61 P.S. § 81:

> Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed.

This statute clearly applies only to those prisoners who become seriously ill while in prison and, for the benefit of the ill prisoner as well as the rest of the prison population, should be transferred temporarily to a more suitable institution where he or she can be administered properly.

■ Instantly, although obviously disabled, appellant is not seriously ill and incarceration poses no threat to his physical welfare. Appellant, at the time of the reconsideration hearing, testified that he was confined to the infirmary wing of the State Correctional Institute at Graterford where he is in the company of other inmates, one of whom,

ironically, is also a paraplegic. Appellant complained of no specific hardship or deprivation except that he was not involved in any employment rehabilitation programs. Under the circumstances, such treatment is hardly cruel or unusual. Moreover, if appellant is dissatisfied with his prison conditions his remedy is not to attack his sentence as excessive but to petition prison authorities for a transfer to a facility better equipped to attend to his special needs.

Appellant next argues that his sentence is excessive because two co–defendants received lesser sentences. A trial court is not bound to impose a like sentence on all participants of a crime. After considering the circumstances relating to each defendant, the trial court may impose different sentences. *Commonwealth v. Burton,* 451 Pa. 12, 301 A.2d 675 (1973); *Commonwealth v. Andrews,* 248 Pa.Super. 1, 373 A.2d 459 (1977).

Here, the disparate sentences imposed by the trial court accurately reflected the degree of culpability and the background of each defendant. Appellant was the oldest of the four, organized the robberies, supplied the weapon, participated in all eight incidents and had a criminal record. Davis, who received an identical sentence, had a criminal record, participated in all robberies and wielded the gun. Hitner, on the other hand, was only involved in three incidents, but did have a criminal record. DeCurtis participated in four incidents, had no previous record, was employed and played the least active role. Thus the trial court was justified in giving appellant and Davis more severe sentences than either Hitner or DeCurtis.

Appellant's final argument is that his sentence is excessive because the district attorney failed to abide by a "plea agreement" in which he promised to recommend a non–jail sentence in return for appellant's cooperation and testimony in another case. Appellant never supplied the Commonwealth with any information nor did he testify as a Commonwealth witness. At sentencing, the district attorney recommended a jail sentence. Nonetheless, appellant con-

tends that since the Commonwealth never contacted him, he should still receive the "benefit of his bargain." At the reconsideration hearing, the Commonwealth asserted that it had contacted appellant but he was unwilling to testify. The trial court declined to resolve this credibility issue but stated that, even if the Commonwealth had made a recommendation of probation, he would not have accepted it.

The Commonwealth has an affirmative duty to fulfill all promises made in exchange for a defendant's plea of guilty. *Commonwealth v. Zuber*, 466 Pa. 453, 458, 353 A.2d 441, 444 (1976); *See also Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the Commonwealth violates a plea bargain, the defendant is entitled, at the least, to the benefit of the bargain. *Commonwealth v. Zuber, supra*, 466 Pa. at 459, 353 A.2d at 444; *Commonwealth v. Zakrzewski*, 460 Pa. 528, 533, 333 A.2d 898, 900 (1975). *See: Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971). Strict compliance with plea bargains is necessary in order to avoid the possibility that a defendant may be coerced or fraudulently induced to waive a number of significant constitutional rights by pleading guilty. *Commonwealth v. Zuber, supra* 466 Pa. at 458–59, 353 A.2d at 444.

While no plea bargain per se was entered into by appellant and the district attorney at the guilty plea colloquy, see Pa.R.Crim.P. 319(b), it is clear from the record that appellant thought he was pleading guilty pursuant to certain "representations" made by the district attorney. It is immaterial whether the trial court would have been influenced by a recommendation by the district attorney. *Santobello v. New York, supra*. In light of the obligation of the prosecution to honor all promises made to an accused, the trial court at the reconsideration hearing should have received testimony to determine the terms of the alleged agreement and to ascertain whether the parties fulfilled their respective promises.

142

Therefore, we must remand this issue for an evidentiary hearing so that the trial court can ascertain whether an agreement actually existed and, if so, determine the extent to which the district attorney and appellant were obligated under its terms.

Remanded for an evidentiary hearing consistent with this opinion.