## Mayfield v. Pa. Department of Transportation

*Joseph Moschetta,* for plaintiff.
*John G. Eidenmuller,* for defendant.

ADAMS, *J.,*June 18, 1982—This matter comes before the court en banc on plaintiff's motion to compel answers to interrogatories. The relevant facts of this matter are uncontroverted and are as follow: on May 17, 1980, plaintiff's decedent was killed when the motorcycle which he was operating struck a median barrier on Pennsylania Route 88 in Cumberland Township, Greene County, Pa. This action was commenced by the plaintiff, decedent's widow, both as an individual and in her capacity as administratrix of her late husband's estate. On November 17, 1981, defendant was served with plaintiff's first set of interrogatories as provided for by Pa.R.C.P. 4005. Defendant's response of February 22, 1982 objected to and did not answer interrogatories 13 through 18. Pursuant to Pa.R.C.P. 4006(a)(2), plaintiff seeks to have this court dismiss defendant's objections and direct that the interrogatories be answered.

Plaintiff's interrogatory number 13 asks "Within one quarter mile in either direction from the location of the accident, which is the subject of the within action, had any other motor vehicle accidents occurred within five years prior to the date of the subject accident?" If the response to this question is in the affirmative, interrogatory number 14 seeks the following information: the number of such accidents; the dates of such accidents; the

fatalities resulting from such accidents; whether the Commonwealth of Pennsylvania investigated any such accidents; by whom were these investigations conducted; were written reports of these investigations prepared; if so, where and in whose control and custody do such reports reside. Interrogatories 15 and 16 seek the same information regarding motor vehicle accidents which occurred subsequent to the subject accident. Interrogatory 17 asks if the defendant maintains records of the number and locations of motor vehicle accidents occurring on Pennsylvania Route 88 in Greene County, Pa. If the response to this question is in the affirmative, interrogatory 18 inquires as to the nature of such records, their location, and in whose custody and control they reside.

Defendant's objections to these interrogatories are based on certain provisions of the "Vehicle Code," 75 Pa.C.S.A. §3747, 3751, 3754. Our examination of these sections leads us to conclude that the plaintiff's motion must be denied.

Initially, we note that our examination of Pennsylvania case law has revealed the issues presented herein to be matters of first impression for this court. The parties are in agreement with this conclusion. Furthermore, the parties have not cited and we have been unable to discover any legislative history regarding the statutes in question. In light of these factors, our task becomes one of statutory interpretation. In undertaking our analysis, we are mindful of the " Statutory Construction Act of 1972," 1 Pa.C.S.A. §1501, et seq., which directs that statutes " . . . shall be liberally construed to effect their objects and to promote justice." 1 Pa.C.S.A. §1928(c).

The object of the Pennsylvania Vehicle Code is to effect a safe and efficient system of motor vehicle

transportation in the Commonwealth. To that end it is necessary that the Department of Transportation have an unbiased, honest and accurate body of information regarding motor vehicle accidents. The confidentiality provisions at issue herein were enacted to avoid the chilling effect which the subsequent use of accident information compiled would have on full and frank disclosure.

In light of this evaluation of legislative intent in enacting the provisions in question, our examination of the confidentiality aspects of these statutes leads us to conclude that they are absolute with the exception of certain specifically delineated situations. The type of disclosure sought by plaintiff here does not fall within any of these exceptions.

75 Pa.C.S.A. §3747(e) holds accident reports filed by drivers or owners of vehicles confidential, except that the identity of a person involved in an accident may be disclosed where such identity is not otherwise known or where a person denies his presence at the accident. Also available for disclosure is the insurance status of any person or vehicle involved in a reported accident. 75 Pa.C.S.A. §3747(f) bars the evidentiary use of accident reports filed by drivers or owners of vehicles. This subsection allows for the issuance of a certificate showing whether or not an accident report was filed, the date of the accident, the time and location of the accident, and the names and addresses of the drivers and owners of the vehicles involved. Such a certificate is available only to the court or to a party to a trial arising from the accident which formed the basis for the report.

75 Pa.C.S.A. §3751 involves accident reports filed by police departments. This section does not provide for the release of accident reports or the information contained therein, except to a person

involved in the accident, his attorney or insurer, or to a governmental agency.

75 Pa.C.S.A. §3754 deals with in-depth accident investigations conducted by the Department of Transportation. This section renders information, records and reports associated with such investigations inadmissible in any legal action or other proceeding. Furthermore, persons charged with the procurement and custody of such information, records and reports cannot give evidence pertaining to anything contained therein in any legal action or other proceeding.

In viewing the provisions of the Vehicle Code as a whole, it is apparent to this court that the legislature has proscribed the use of accident information compiled by the Commonwealth for any purpose in any litigation, subject to the exceptions specifically delineated in the statutes. Plaintiff argues that the confidentiality provisions at issue merely render such information inadmissible as evidence but do not bar its release through discovery. Plaintiff cites Pa.R.C.P. 4003.1 in support of this position. That rule holds that admissibility into evidence of information is not determinative of its availability for discovery. We do not believe this to be dispositive of the matter at hand. Rather, we view the statutory ban against evidentiary use of accident reports and the information contained therein as prohibiting its use for any litigious purpose. The term "evidence" is to be read broadly to encompass all uses at trial, including the discovery phase.

The purpose of requiring the filing of accident reports and the compilation of accident information is to enable the Department of Transportation to perform its statutory function, not to aid prospective plaintiffs in the preparation of lawsuits. It is our determination that to grant plaintiff's motion

would be to contravene both the language and the intent of the Vehicle Code sections relied upon by defendant.

## ORDER

And now, this June 15, 1982, plaintiff's motion to compel answers to interrogatories is hereby denied.