## Commonwealth v. Comp

*James P. MacElree II, district attorney,* for the commonwealth.

*Robert J. Donatoni,* for defendant.

SUGERMAN, *J.,* March 9, 1988 — The question presented instantly is apparently one of first impres-

sion in the jurisprudence of the commonwealth and is not easily answered: may the district attorney of Chester County refuse to present a plea bargain to the court, earlier negotiated with a defendant in exchange for defendant's testimony, after defendant has testified and thereby incriminated himself, as the result of defendant's subsequent arrest upon a charge of arson? The question arises in the context of the instant defendant's motion to compel specific performance of the plea bargain (more properly "memorandum of understanding," as will be seen *infra*).

Defendant, Bradley L. Comp, was arrested with others including one Mark Conaway and one Larry Robbins, and charged with various crimes, including attempted murder, and several counts of aggravated and simple assault. The charges stemmed from a shooting incident occurring in Kennett Square, Pennsylvania.

Following defendant's arrest, he began to cooperate with the police and the district attorney of Chester County. As the result of discussions with these authorities, defendant ultimately agreed, inter alia, to testify as a commonwealth witness against defendants Conaway and Robbins and in exchange, the commonwealth agreed to enter into a plea bargain with defendant, whereby defendant would plead guilty to a charge of aggravated assault and conspiracy to commit the same, and the commonwealth would in turn recommend a probationary sentence. The terms of the arrangement between the district attorney and defendant were reduced to a writing entitled "memorandum of understanding," dated September 19, 1986, and executed by the district attorney and defendant.

The memorandum provided in essence that in exchange for defendant's truthful testimony as a

commonwealth witness at the impending trial of Conaway and Robbins, and defendant's plea of guilty to charges of aggravated assault and conspiracy to commit aggravated assault, the commonwealth would tender a plea bargain to the court proposing a sentence of 10 years of probation and a fine of $500 dollars.

In accordance with the memorandum, defendant thereafter testified as a commonwealth witness at trial against Conaway and Robbins. The latter defendants were convicted by a jury of conspiracy to commit simple assault, and post-trial motions are pending.

On November 25, 1987, following the Conaway-Robbins trial but prior to defendant's tendering his guilty pleas, defendant was arrested and charged with, inter alia, arson, and on December 29, 1987, after a preliminary hearing, a district justice determined that the commonwealth had established a prima facie case upon the charge of arson, defendant was bound over for trial, and an information was subsequently filed by the district attorney.

On December 23, 1987, defendant appeared before the writer for the purpose of tendering a guilty plea in accordance with the memorandum. The district attorney refused to enter into the plea bargain as proposed in the memorandum however, asserting two grounds for his refusal: (1) that the commonwealth did not believe that defendant testified truthfully at the Conaway-Robbins trial, and (2) that the subsequent charge of arson resulting in the filing of an information was not contemplated by the parties when the memorandum was executed and should serve to vitiate the memorandum.

Following the district attorney's assertions, the court continued the proceeding. Thereafter, the district attorney subjected defendant to a polygraph

examination and then withdrew the assertion that defendant testified falsely at the Conaway-Robbins trial. However, the district attorney continues to refuse to entertain the plea bargain contemplated by the memorandum on the basis of the arson charge.

Defendant has filed a motion for specific performance of the memorandum, and therein asserts that he "has materially altered his position to his detriment" as the result of the inducements contained in the memorandum, and that it is "impossible to put the parties in the pre-plea bargaining position." Thus, defendant seeks the benefit of the bargain or memorandum.

It is clear that the terms of a plea bargain, which served as an inducement to a defendant *to plead guilty,* are binding on the prosecution. *Commonwealth v. Potosnak,* 289 Pa. Super. 115, 121, 432 A.2d 1078, 1081 (1981). See also, *Santobello v. New York,* 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971); *Commonwealth v. Zuber,* 466 Pa. 453, 458, 353 A.2d 441, 444 (1976); *Commonwealth v. Landi,* 280 Pa. Super. 134, 141, 421 A.2d 442, 445 (1980). As the latter court said pertinently:

"The commonwealth has an affirmative duty to fulfill all promises made in exchange for a defendant's plea of guilty. *Commonwealth v. Zuber,* 466 Pa. 453, 458, 353 A.2d 441, 444 (1976); See also, *Santobello v. New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L.Ed.2d 427 (1971). If the commonwealth violates a plea bargain, the defendant is entitled, at the least, to the benefit of the bargain. *Commonwealth v. Zuber, supra,* 466 Pa. at 459, 353 A.2d at 444; *Commonwealth v. Zakrzewski,* 460 Pa. 528, 533, 333 A.2d 898, 900 (1975). See *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971). Strict compliance with plea bargains is necessary in order

to avoid the possibility that a defendant may be coerced or fraudulently induced to waive a number of significant constitutional rights by pleading guilty, *Commonwealth v. Zuber, supra,* 466 Pa. 458-59, 353 A.2d at 444." *Id.* at 141, 421 A.2d at 445.

In each of cited state cases, defendant sought and was granted the benefit of the bargain — the remedy defendant seeks instantly. In *Santobello v. New York, supra,* however, the court remanded for the purpose of permitting the state trial court to determine whether enforcing the plea bargain or permitting defendant to withdraw his plea was the appropriate remedy.

And in *Commonwealth v. Williams,* 333 Pa. Super. 77, 481 A.2d 1230 (1984), defendant and the district attorney entered into a plea bargain where defendant agreed to plead guilty to a charge of aggravated assault, inter alia, and the district attorney agreed to make *no* recommendation to the court concerning the sentence to be imposed. Pursuant to the bargain, defendant tendered his guilty plea. At the sentencing proceeding, in violation of the plea bargain, the assistant district attorney argued to the court that in his view, defendant should be sentenced to a period of incarceration, and defendant was then sentenced to a term of imprisonment. *Id.* at 80, 481 A.2d at 1232. The court found, of course, that the commonwealth clearly violated the terms of the plea bargain. In endeavoring to fashion a remedy, the court first quoted from its earlier opinion in *Commonwealth v. Potosnak,* 289 Pa. Super. 115, 121, 432 A.2d 1078, 1081 (1981):

"It is well settled that the terms of a plea bargain which serves as an inducement to a defendant to plead guilty, must be binding on the prosecution. *Santobello v. New York,* 404 U.S. 257, 262, 92 S. Ct.

495, 499, 30 L.Ed.2d 427, 433 (1971), remanded, *People v. Santobello,* 39 App.Div.2d 654, 331 N.Y.S.2d 776 (1st Dept. 1972); *Commonwealth v. Landi,* 280 Pa. Super. 134, 421 A.2d 442 (1980). Therefore, the prosecutor has an affirmative duty on the part of the prosecution to honor any and all such promises. If the commonwealth violated a plea bargain, *the defendant is entitled to the benefit of the bargain. Commonwealth v. Landi, supra; Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976)." *Williams* at 82, 481 A.2d at 1233. (emphasis supplied)

The court then said; however:

"At this juncture the critical question is the kind of relief which appellant should receive. He has asked us to allow him to withdraw his guilty pleas and proceed to trial. On the other hand, it could be argued that he is entitled to receive no more than the benefit of his bargain and that was to receive a sentence with no recommendation from the commonwealth. We could do that by remanding for sentencing before a different judge; however, the vagaries of the criminal justice system — where 'two to ten' to one judge is fair; to another judge severe; and to another judge nothing more than 'a slap on the wrist' convinces us that such a remand would do violence to our sense of justice. The 'benefit of the bargain' principle is more easily — and fairly — applied in those situations where the commonwealth promises to ask for a specific sentence and then in violation of that promise asks for a more severe sentence which is in fact given. In those situations, implementation of the 'benefit of the bargain' principle can be done with certainty and fairness. Not so here.

"In this case, we are inclined to the view ex-

pressed by Mr. Justice Douglas, in his concurring opinion, in *Santobello, supra:*

" 'In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling, weight, inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the state.' *Santobello v. New York*, 404 U.S. at 267, 92 S. Ct. at 501.

"Consequently, we agree with appellant that permitting him to withdraw his guilty pleas is the appropriate remedy. Of course, the charges previously nol prossed shall all be reinstated and appellant will plead anew to all the original charges."

"The judgment of sentence is reversed and a new trial is granted." *Id.* at 85, 481 A.2d at 1234.

It is at once apparent at bar that defendant has not yet tendered a plea of guilty and is awaiting trial upon the charges. Thus, defendant waived no rights as did defendants in each of the cited cases. Defendant at bar argues, however, that he testified at the Conaway-Robbins trial and thereby unalterably "changed his position," to his detriment.

It is correct to observe that any incriminating statements or admissions made by defendant *in the course of negotiating the memorandum and the plea agreement therein proposed* will not be admissible at defendant's trial. *Commonwealth v. Mascitti*, 368 Pa. Super. 454, 534 A.2d 524 (1987) (dictum); *Commonwealth v. Calloway*, 313 Pa. Super. 173, 459 A.2d 795 (1983) (same); 4 Torcia, *Wharton's Criminal Evidence* §626 (14th ed. 1987) (collects cases). It is also correct to observe, however, that as the presiding judge at the Conaway-Robbins trial, we are aware that defendant in the course of his testimony as a commonwealth witness, plainly incriminated himself and admitted at the very least to

his participation in the crimes of criminal conspiracy and solicitation. Such admissions cannot now be "withdrawn" and we must therefore agree that defendant has changed his position to his detriment in reliance upon the memorandum by testifying at trial.

In the usual case, then, we would be inclined to grant defendant the relief he seeks and direct the district attorney to tender the plea bargain proposed in the memorandum.[1] This is not, however, as earlier observed, the usual case. We must then determine whether defendant's subsequent arrest upon the charge of arson relieves the district attorney from such tender.

The American Bar Association Project on Standards Relating to the Prosecution Function, §4.3(c) provides:

"(c) If the prosecutor finds he is unable to fulfill an understanding previously agreed upon in plea discussions, he should give notice promptly to the defendant and cooperate in securing leave of the court for the defendant to withdraw any plea and take other steps appropriate to restore the defendant to the position he was in before the understanding was reached or plea made."

Commentary b to the foregoing ABA Standard provides in relevant part:

*"[T]he prosecutor may find himself unable to fulfill an agreement previously made, either because the agreement exceeded the power of the prosecutor who made it or because new facts show that it was inappropriate.* See *People v. Pagano,* 283 App. Div. 1075, 131 N.Y.S.2d 167 (1954). When these cir-

---

1. It should be remembered that a judge may reject a plea bargain so long as defendant is permitted to withdraw his or her guilty plea. Pa.R.Crim.P. 319(b)(3). Cf., *Santabello v. New York, supra.*

cumstances arise and the prosecutor is not able to fulfill the agreement, he must take steps to see that his action does not prejudice the defendant. He should notify the defendant promptly and cooperate in seeking a withdrawal of guilty plea and restoring the defendant to his position prior to the making of any plea." (emphasis supplied)

The memorandum is silent on the question of the significance of defendant's arrest upon felony charges following the execution of the memorandum and following defendant's testifying at the Conaway-Robbins trial but prior to the date defendant was to tender his plea.

We find that defendant's subsequent arrest and the consequent finding of a prima facie case upon the felony charge of arson constitute "new facts" leading to the conclusion that requiring the district attorney to tender the plea bargain contemplated by the memorandum would be inappropriate. ABA Standards, commentary b, *supra.*

At the same time, however, we recognize that the question of defendant's detrimental reliance upon the memorandum may yet remain an issue, although in our view it was defendant and not the district attorney who, by his subsequent conduct, "breached" the memorandum. Nonetheless, we shall endeavor to fashion a remedy to restore defendant to the position he occupied prior to his testifying in the Conaway-Robbins trial.

## ORDER

And now, March 9, 1988, defendant's motion for specific performance of a plea bargain is hereby denied; and it is further ordered that neither defendant's testimony as given at the joint trial of Mark Conaway, 455-87, and Larry Robbins, 457-87, in

September 1987, nor any information derived or resulting therefrom nor any statements made by defendant during the course of plea bargaining nor any information derived or resulting therefrom may be used or referred to by the district attorney in any respect of the captioned proceeding.[2]

---

2. We recognize that it is possible that police authorities may have conducted further investigation into the instant charges as the result of defendant's trial testimony and thereby strengthened the commonwealth's case against defendant. Defendant may request a hearing prior to trial to determine the extent, if any, of such further investigation resulting from defendant's trial testimony.