**Commonwealth v. Mausteller**

*Wieslaw Niemoczynski, assistant district attorney,* for the Commonwealth.
*Michael R. Lynn,* for defendant.

O'BRIEN, *J.,* July 25, 1994—On July 14, 1992, a jury found defendant Warren W. Mausteller guilty of aggravated assault, simple assault and disorderly conduct. Following denial of his post-verdict motions, the defendant was sentenced on October 29, 1992 to a period of incarceration in a state correctional institution of not less than three years nor more than six years. When the defendant posted $100,000 bail, he remained free pending appeal. The Superior Court affirmed the judgment of sentence on May 26, 1993 and the Supreme Court denied defendant's petition for allowance of appeal on May 26, 1994. On June 20, 1994, the defendant

filed a "motion to restructure sentence and/or delay imposition of incarceration" which, following evidentiary hearings on July 15, 1994 and July 20, 1994, are now before the court for disposition.

In his petition, the defendant alleged that he suffered a fall on March 1, 1994 resulting in multiple traumatic injuries. Indeed the defendant presented medical records in evidence at the evidentiary hearing establishing that he suffered multiple broken bones as a result of the March 1, 1994 accident. As a consequence, counsel for defendant requests that this court delay further his incarceration or restructure his sentence to house arrest. Counsel relies upon the following statutory authority for his request:

*"Illness of prisoner; removal for treatment*—Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed." 61 P.S. §81

The district attorney opposes the defendant's request and the victim of the assault, who suffered three skull fractures and partial loss of sight in his right eye, ap-

peared together with counsel at the hearing to oppose the defendant's request.

Incarceration of a person with a disability or in need of medical treatment is not without precedent. In *Commonwealth v. Landi,* 280 Pa. Super. 134, 421 A.2d 442 (1980), our Superior Court rejected a paraplegic's challenge to a sentence of incarceration in a state correctional facility. In rejecting the appellant's challenge, the court stated:

"Moreover, if appellant is dissatisfied with his prison conditions his remedy is not to attack his sentence as excessive but to petition prison authorities for a transfer to a facility better equipped to attend to his special needs." *Id.* at 140, 421 A.2d at 444.

Although the Commonwealth Court in *Warren v. Pennsylvania Department of Corrections,* 151 Pa. Commw. 46, 616 A.2d 140 (1992) has held that a sentencing court has the authority to implement the provisions of 61 P.S. §81, no evidence was presented at hearing to establish that the state correctional system is unable to meet the medical needs of the defendant.

Following the initial evidentiary hearing, the hearing was continued to allow for a current independent medical exam of the defendant in the Monroe County Correctional Facility. The report of Dilip Bera, M.D. introduced at the continued hearing provides in pertinent part as follows:

"Mr. Mausteller, presents with a history of a fall from a third story building at work on March 1, 1994, resulting in numerous orthopedic fractures and injuries. He was treated initially at Community Medical Center, Scranton and following a non-complicated hospital course he was transferred to Allied Rehab Service for continued rehabilitation. Medical records were provided for review at time of commitment. He continues with

out-patient physical therapy three times a week at Basile Physical Therapy of Berwick.

"Mr. Mausteller ambulates independently with the assistance of a wooden cane but he does have a noticeable limp. He can rise from a seated position without assistance. He is capable of showering and dressing himself although it may require some extra minutes because of the right arm being in a half cast and sling. He wears a back brace for support. He was provided with a prescription of Tylenol with codeine for pain and has been taking approximately two tablets a day. He currently is at risk for fall.

"I believe Mr. Mausteller is in need of continued physical therapy and rehabilitation sessions to reach his maximum level of recovery. This is to include stretching exercises and a program to increase flexibility and range of motion. Proper classification and early placement to a state facility that can accommodate this gentleman, would be most beneficial." Commonwealth's exhibit 1.

Therefore, we conclude the defendant's petition should not be granted.

### ORDER

And now, July 25, 1994, it is ordered as follows:

(1) The defendant's petition to restructure his sentence or delay imposition of incarceration is denied.

(2) The sheriff of Monroe County is directed to deliver the defendant Warren W. Mausteller to the State Correctional Institution at Graterford, Pennsylvania and thereafter he shall be kept in such state correctional institution as shall be designated by the deputy commissioner for treatment in accordance with law to comply with the sentence heretofore imposed by this court

on October 29, 1992. The sentence shall be computed from July 15, 1994.

(3) The sheriff shall deliver to the state correctional institution with the defendant a copy of all medical records introduced at the hearings on July 15 and July 20, 1994 so that he may be classified and placed in a state facility which can meet his medical needs.