657 A.2d 5

**COMMONWEALTH of Pennsylvania**

v.

**Paul David CRISP, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1995.

Filed March 6, 1995.

John H. Daneri, Erie, for appellant.

Marshall Piccinini, Asst. Dist. Atty., Erie, for Com., appellee.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

TAMILIA, Judge:

Paul David Crisp appeals from the May 10, 1994 judgment of sentence entered following a jury trial in which he was convicted of possession of drug paraphernalia.[1] Appellant subsequently was sentenced to six (6) to twelve (12) months' imprisonment to be served consecutively to any state sentence, however he was paroled on July 14, 1994. The facts have been set forth by the trial court as follows.

Parole Agent James Kuhn was called to report to 2034 West 34th Street in Erie on December 2, 1993, because the Erie Police were executing a search warrant and Defendant, who was on parole at the time, was located at this address and was being uncooperative. Agent Kuhn was not Defendant's supervising parole agent but the agent on duty. Before going to 2034 West 34th Street, Agent Kuhn checked Defendant's file, which indicated that Defendant had informed his supervising parole officer that his new address was 5432

1. 35 P.S. § 780-113(a)(32).

West Ridge Road, Apartment 4, but that this address had not been verified.

Upon arrival at 2034 West 34th Street, Agent Kuhn questioned Defendant on whether he lived at the 5432 West Ridge Road address. Defendant stated that he did in fact live at that address, showed Agent Kuhn a key for the apartment and told Agent Kuhn that he could go to the residence and verify this information.

Agent Kuhn then proceeded to 5432 West Ridge Road, Apartment 4, to verify that address as Defendant's residence and to check for any further parole violations, as Defendant admitted that he had consumed alcohol while on parole, which is a parole violation. An Erie County Detective and a police officer from the City of Erie accompanied Agent Kuhn to 5432 West Ridge Road for security reasons. In his search of the apartment, Agent Kuhn verified that Defendant did reside there and also discovered contraband. Upon discovery of the contraband, Agent Kuhn ceased the search.

(Slip Op., Domitrovich, J., 9/9/94, pp. 2–3.)

On appeal to this Court, appellant argues the trial court erred in denying his motion to suppress the evidence obtained by the parole officer. In *In the Interest of McElrath v. Commonwealth*, 405 Pa.Super. 431, 592 A.2d 740 (1991), this Court set forth the standard to review the denial of a motion to suppress evidence.

In reviewing the denial of a motion to suppress evidence, an appellate court has a duty to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, an appellate court considers only the evidence of the prosecution's witnesses and so much of the evidence for the defense which remains uncontradicted when fairly read in the context of the record as a whole. When the evidence viewed in this manner supports the factual finding of the suppression

court, we will reverse only if there is an error in the legal conclusion drawn from those factual findings.

*Id.* at 436, 592 A.2d at 742 (citations omitted).

■ Appellant initially argues the parole agreement signed by him did not authorize a warrantless search of the 5432 West Ridge Road apartment. Subsection number 2 of the agreement states as follows:

2. Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff[.]

.      .      .      .      .

On the same page of the agreement, the last paragraph contains the following language:

I expressly consent to the search of my person, property and residence, without a warrant by agents of the Pennsylvania Board of Probation and Parole. Any items, in the possession of which constitutes a violation of parole/reparole shall be subject to seizure and may be used as evidence in the parole revocation process.

Appellant contends, according to the agreement, the only residence approved by the parole supervision staff was listed on the agreement signed by appellant, and thus they had no authority to search the other residence.

We find this argument to be totally lacking in merit. First, the record reveals appellant gave Agent Kuhn verbal permission and, in fact, handed him the keys to the apartment. The consent was completely voluntary and at no time did appellant revoke his consent to the search. Secondly, the signed agreement provides the parole supervision staff with authority to search appellant's "residence." The restriction in paragraph 2 which requires a change of residence to be approved in writing is not meant to be a restriction on appellant's parole officers. Rather, it is a restriction of appellant to permit his parole agent to effectively monitor his compliance with parole conditions. Appellant's suggested reading of the two clauses would create an absurd result which would permit parolees to give false information regarding their residence or to quickly

change residences without written approval, thus evading supervision at will.

■ Appellant also argues the search was illegal because the agent requested two police officers to accompany him to verify appellant's residence. As such, appellant contends once the parole agent verified his residence and then commenced a detailed search of drawers, cabinets, etc., he in effect "switched hats" and became a "stalking horse" for the police.

The record does not support appellant's argument. Prior to the search, appellant admitted to the agent he had been consuming alcohol in violation of his parole. The officer then sought and received permission from appellant to conduct a search to verify his residence and locate additional probation violations. Agent Kuhn testified he asked the officers to accompany him not to assist in the search but to provide protection. In addition, the record reveals the police officer in question was a member of the City of Erie Bureau of Police and thus outside his jurisdiction while Agent Kuhn searched the Millcreek Township residence. Accordingly, we find no evidence Agent Kuhn was acting as a "stalking horse" for the police.

Finally, appellant argues the parole agreement is overbroad and coercive in nature and violates a parolee's rights against unreasonable search and seizure as guaranteed by the fourth amendment of the United States Constitution. He contends the express consent provided in the agreement strips him of any right to privacy and his signature on the agreement was not consensual as he had no choice other than remaining in jail.

■ When presented with an issue raising both constitutional and nonconstitutional grounds, this Court must make a determination on nonconstitutional grounds if possible and avoid the constitutional question. *Commonwealth v. Kennedy*, 413 Pa.Super. 95, 604 A.2d 1036 (1992). In this case, there were two grounds for authorizing the search: 1) the written parole agreement and 2) appellant's uncoerced statement to Agent Kuhn consenting to a search. Accordingly, we find the

verbal consent sufficient to authorize a valid search, and thus we need not address the constitutional issue raised by appellant.

Judgment of sentence affirmed.