**Commonwealth v. Beigle**

C.P. of Blair County, no. 96 CR 1440.

*William Haberstroh, district attorney,* and *Jackie Bernard, assistant district attorney,* for the Commonwealth.
*John Siford,* for defendant.
*Karl Baker,* amicus curiae.

CALLAN, *J.,* March 3, 1997—This matter comes before the court for disposition of the defendant's motion

for extraordinary relief challenging the constitutionality of the "sexually violent predator" provisions of Pennsylvania's Megan's Law, and to bar a second prosecution for the same offense. Briefs have been submitted and the issues argued.

## FINDINGS OF FACT

On October 3, 1996, Bruce Beigle, the defendant, was charged with one count of 18 Pa.C.S. §901, criminal attempt at involuntary deviate sexual intercourse, one count of 18 Pa.C.S. §3123(b), involuntary deviate sexual intercourse, one count of 18 Pa.C.S. §3126, indecent assault, and one count of 18 Pa.C.S. §6301, corruption of minors. These offenses allegedly occurred between August 1, 1996 and August 31, 1996. The alleged victim was 3 years old at the time of the incidents.

The preliminary hearing scheduled for October 9, 1996, was waived and the charges returned to court. On January 10, 1997, pursuant to a plea agreement, the defendant pled guilty to the misdemeanor offenses of indecent assault and corruption of minors. The plea agreement restricted the defendant's sentence to incarceration of three months to 23 1/2 months on the indecent assault charge, followed by five years probation on the corruption of minors charge.

Prior to the acceptance of the plea agreement, the victim's family addressed the court. The family requested the maximum supervision and/or punishment allowed by law. The family was asked if they understood the terms of the written plea agreement and that if accepted by the court, the maximum terms of incarceration would be three months in jail followed by 20 1/2 months of parole, followed by an additional five years of probation. The family responded that they

had had the plea agreement explained to them, and that they consented to it.

After the entry of the plea, the court accepted the written plea agreement. The Commonwealth asserted that Pennsylvania's Megan's Law applied. The defense objected on the basis that the plea agreement precluded any additional sentence. The objection was overruled at that time. The defendant waived his right to a presentence investigation and report. The hearing for Megan's Law and the sentencing were scheduled for March 7, 1997, at 8:30 a.m. The defense indicated that an attack on Megan's Law was contemplated. The court directed that any motions be filed as quickly as possible so as not to delay sentencing.

Indecent assault, 18 Pa.C.S. §3123(b), is a predicate offense under Megan's Law, 42 Pa.C.S. §9793(b). Megan's Law requires that there be an assessment by the board and a separate proceeding before the court to determine if the defendant is a "sexually violent predator." The assessment board and the court are required to presume that the defendant is a "sexually violent predator." The defendant may overcome this presumption by clear and convincing proof at the hearing before the court, prior to sentencing.

On or about February 25, 1997, the court received the assessment of the defendant from the board. The assessment was:

"Both board members were in agreement that Bruce Joseph Beigle DOES NOT FIT the profile of a sexually violent predator. Therefore, in accordance with the provisions under Act 46 of 1996, after your review of these evaluations, and the subsequent hearing, it will be the county's responsibility to decide if Mr. Beigle is a sexually violent predator. If the court determines that Mr. Bruce Beigle is a sexually violent predator,

then according to the statute you must sentence him to a maximum life sentence."

On February 5, 1997, the defendant filed his motion which raises issues of the constitutionality of the sexually violent predator section of Pennsylvania's Megan's Law. The defendant raises seven constitutional issues which include:

(1) Procedural due process

(2) Substantive due process

(3) Vagueness

(4) Double jeopardy

(5) Bill of attainder

(6) Right to privacy

(7) Cruel and unusual punishment

The Commonwealth asserts that the issues are not "ripe" for review since the defendant has not been adjudicated to be a "sexually violent predator" and relies upon the presumption of the constitutionality of Pennsylvania's Megan's Law.

## DISCUSSION

It is well established "that when a case raises both constitutional and nonconstitutional issues, a court should not reach the constitutional issue if the case can properly be decided on nonconstitutional grounds." *Ballou v. State Ethics Commission*, 496 Pa. 127, 129, 436 A.2d 186, 187 (1981). (footnote omitted) A court is not to decide a constitutional question unless absolutely required to do so. *Jenkins v. Hospital of the Medical College of Pennsylvania*, 401 Pa. Super. 604, 585 A.2d 1091 (1991) (en banc), *aff'd*, 535 Pa. 252, 634 A.2d 1099 (1993). "When presented with an issue raising both constitutional and nonconstitutional grounds, this court must make a determination on non-

constitutional grounds if possible and avoid the constitutional question. *Commonwealth v. Kennedy*, 413 Pa. Super. 95, 604 A.2d 1036 (1992)." *Commonwealth v. Crisp*, 441 Pa. Super. 171, 175, 657 A.2d 5, 8 (1995).

It is also well established that a plea agreement is binding on the Commonwealth when accepted by the court pursuant to Pa.R.Crim.P. 319. *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976); *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975); *Commonwealth v. Landi*, 280 Pa. Super. 134, 421 A.2d 442 (1980).

It is well settled that the Commonwealth has the affirmative duty to honor all promises that serve as an inducement to a defendant to enter a guilty plea. *Commonwealth v. Coles*, 365 Pa. Super. 562, 530 A.2d 453 (1987); *Commonwealth v. Potosnak*, 289 Pa. Super. 115, 432 A.2d 1078 (1981). There was in the defendant's case a written agreement signed by the assistant district attorney, the defendant and the defense counsel. The agreement indicates that the defendant would plead to indecent assault (3126(a)(7)) and corruption (6301). The defendant's sentence was restricted to a term of incarceration of three months to 23 1/2 months on the indecent assault to be followed by five years probation on the corruption charge.

The written plea agreement is clear and specific as to the amount of incarceration, the amount of potential parole and the amount of probation. There can be no question that parole and probation are forms of punishment. To apply the potential of life parole under Megan's Law would be to impose punishment beyond the plea agreement. To expose the defendant to the process of determining his status of being a sexually

violent predator runs against the clear and specific intent of the written (binding, now accepted by the court) plea agreement. The sexually violent predator determination process with the legal presumptions that must be rebutted by clear and convincing evidence by the defendant exposes the defendant to jeopardy beyond that agreed upon in his plea agreement.

The Commonwealth is presumed to know the law. By entering into the written plea agreement which specifically set forth the term of incarceration, potential parole and probation, the Commonwealth has impliedly waived the sexually violent predator section of Megan's Law which provides for enhanced punishment.

For these reasons, the determination of the constitutional issues is avoided as this court is required to do by law.

## CONCLUSIONS OF LAW

(1) The court has jurisdiction in this matter.

(2) The issue of the application of the "sexually violent predator" provisions of Megan's Law to the defendant's plea agreement was properly raised by objection at the time of the entry of his guilty plea.

(3) The court is able to decide this case on non-constitutional grounds and must therefore avoid the constitutional questions involved.

(4) The Commonwealth is bound by the written plea agreement which requires a term of incarceration of three months to 23 and one-half months to be followed by five years of probation.

(5) The imposition of life parole is punishment.

(6) The application of Megan's Law as to a determination of being a sexually violent predator exposes the defendant to additional punishment beyond the terms of his plea agreement as it relates to a potential life parole.

(7) The Commonwealth is presumed to know the law.

(8) The Commonwealth, by entering into this plea agreement, has waived the provisions of Megan's Law which would enhance the agreed upon sentence.

(9) The registration provisions of Megan's Law apply to the defendant but the process of determining if he is a sexually violent predator is precluded by the accepted plea agreement.

In light of the foregoing, the following order is deemed to be appropriate:

## ORDER

And now, March 3, 1997, after a review of the pleadings, the arguments and in conformance with the cited case law; it is, ordered, directed and decreed that the defendant's motion for extraordinary relief is partially granted in that the sexually violent predator determination process under Megan's Law is precluded by the accepted written plea agreement. The defendant is still subject to the registration provisions of Megan's Law.

This order supersedes any of the provisions of the court's order of January 10, 1997. Sentencing without the Megan's Law hearing is to take place on March 7, 1997, at 8:30 a.m., courtroom no. 2, Blair County Courthouse, Hollidaysburg, Pa.