## Wein v. Williamsport Hospital

C.P. of Lycoming County, no. 96-01,744.

*Clifford A. Reiders*, for plaintiffs.
*David R. Bahl,* for Williamsport Hospital and Medical Center.
*C. Edward S. Mitchell,* for Michael J. Dixon M.D.
*Robert A. Seiferth*, for Charles M. Burzynski D.D.S.

BEFORE: SMITH, *P.J.*, BROWN AND KIESER, *JJ.*

SMITH, *P.J.,* November 18, 1998—This case involves the relationship between the Peer Review Protection Act[1] and the newly promulgated Pa.R.C.P. 4009.12(b)(2).[2] Defendant Williamsport Hospital contends that there is a conflict between the Act, which shields peer review materials from the discovery process, and the rule, which requires a discovery objection to identify with reasonable particularity any documents being withheld. The hospital has urged this court to resolve this alleged conflict by ignoring the rule.

Because of the importance of this issue to the civil litigation system, this court agreed to hear the case en banc. After argument and careful consideration of the issues, the court finds that there is no conflict between the rule and the Act. On the contrary, we believe that the rule promotes the purposes of the Act and is a valuable addition to Pennsylvania's discovery procedure. Far from clashing with the Act, the rule helps identify materials that fall within the privilege and thus protects their confidentiality. We also find that the ques-

---

1. The Peer Review Protection Act, Act of 1994, July 20, P.L. 564, no. 193, §1, is codified at 63 P.S. §425 et seq.

2. This rule went into effect on July 1, 1997.

tion is not worthy of interlocutory review under 42 Pa.C.S. §702(b).

## PROCEDURAL HISTORY

On November 5, 1997, the plaintiffs served a request for production of documents on defendant Williamsport Hospital and Medical Center. The request stated:

"Please provide you [sic] entire [personnel] file on Dr. Michael J. Dixon to include but not limited to, all records relating to his employment with the hospital, work history records and job performance and evaluation records."

The hospital responded to this request on October 22, 1997 with the following statement:

"Objection. This material is protected under the privileges contained in the Peer Review Protection Act, Act of 1994, July 20, P.L. 564, no. 193, §1, 63 P.S. §425 et seq. Also, the request asks for information which is both irrelevant and unlikely to lead to the discovery of relevant evidence." [3]

Upon receiving this response the plaintiffs filed a motion to compel, which was granted in part by the Honorable William S. Kieser on June 30, 1998. Judge Kieser held that Rule 4009.12(b)(2) applies to this request for production. He therefore ordered the hospital to file a response stating with reasonable particularity the items that were not being produced because of a peer review objection, and added that this response "may include an appropriate objection to the request for production." The hospital filed a motion for reconsideration and a request for stay of proceedings with respect to that order. The motion also requested that

---

3. The portion of the objection pertaining to relevancy is not currently before the court.

Judge Kieser certify the issue for interlocutory appeal. Judge Kieser denied the motion on July 27, 1998. The hospital then filed a second motion for reconsideration, which included a request for an en banc hearing. This request was granted and an en banc hearing was held on November, 2 1998.

## DISCUSSION

The hospital contends that Rule 4009.12(b)(2) violates the language and the spirit of the Peer Review Act because it requires disclosure of information expressly protected by the Act. The hospital suggests that the correct resolution to this supposed conflict is to ignore the rule and deny the plaintiffs' motion to compel.

If there is a conflict between the Act and the rule, the Act would surely prevail because it bestows substantive rights that the judicial branch cannot destroy. The Pennsylvania Constitution gives the Supreme Court power to prescribe rules governing court practice and procedure. Such rules, however, may not abridge, enlarge, or modify substantive rights. Pennsylvania Constitution Article V, Section 10(c); *Commonwealth v. Moore,* 526 Pa. 152, 584 A.2d 936 (1991). Fortunately, this court need not choose between the Act and the rule because we see no conflict between them.

### I. The Alleged Conflict

### A. Language of the Act

The hospital contends that the rule directly contradicts the express language of the Act. This court, however, finds that they are perfectly compatible. The Peer Review Act, 63 P.S. §425.4, states in pertinent part:

"The proceedings and records of a review committee shall be held in confidence and shall not be subject

to discovery or introduction into evidence in any civil action against the professional health care provider arising out of the matters which are the subject of evaluation and review by such committee . . . ."

Pa.R.C.P. 4009.12(b)(2) states that an answer to a request for the production of documents must "identify all documents or things not produced or made available because of the objection that they are not within the scope of permissible discovery . . . . Documents or things not produced shall be identified with reasonable particularity together with the basis for non-production."

The hospital asserts that requiring it to even identify peer review material with reasonable particularity runs contrary to the privilege created by the Act. It argues: "Section 425.4 specifically prohibits any such disclosures when it states that peer review material 'shall not be subject to discovery.' It is simply not consistent to require material that is not subject to discovery to be numbered and identified with reasonable particularity." Hospital's brief in support of its request for reconsideration, p. 6.

A plain reading of the Act, however, belies this assertion. The Act does *not,* as the hospital suggests, specifically prohibit *any disclosures* pertaining to the peer review process. The Act merely prohibits the disclosure of the *procedures and records* of a review committee. The rule does not require those procedures and records to be disclosed. It merely requires a party withholding documents to identify them with reasonable particularity and to explain why they are not discoverable.

Therefore, there is no clash between the text of the Act and the rule. The rule does not require a litigant to disclose peer review materials. On the contrary, it

sets forth a method for invoking the protections of the Peer Review Act.

## B. Spirit of the Act

Similarly, Rule 4009.12(b)(2) does not violate the spirit of the Peer Review Act. The purpose of the Act is to protect patients and the general public by maintaining high professional standards in the practice of medicine. *McClellan v. Health Maintenance Organization,* 442 Pa. Super. 504, 510, 660 A.2d 97, 100 (1995). Because many doctors are not employees of the hospitals where they practice, the medical profession largely regulates itself, through peer review evaluation. In order to guarantee the effectiveness of the peer review system it is necessary to ensure the confidentiality of the proceedings and the anonymity of the participants. This encourages free and frank discussion and candid evaluation of the performance of physicians by their peers. Because the peer review system identifies physicians who are providing less than competent care, it is ultimately the patients and the general public who benefit from the Peer Review Act.

Far from conflicting with the purpose of the Act, Rule 4009.12(b)(2) has *precisely the same goal:* protection of the patients and the general public. The rule protects patients by providing the unfortunate victims of malpractice with a means of ensuring that they receive all the discoverable information they are entitled to so that they may recover against physicians who have not met the standards of performance demanded by their profession. This in turn protects the general public by deterring malpractice and motivating physicians to live up to the professional standards, thus increasing the quality of health care for everyone.

The hospital nonetheless contends that Rule 4009.12(b)(2) essentially destroys the peer review privilege that the legislature created. Surely our Supreme Court did not intend to diminish this privilege. On the contrary, the Supreme Court has repeatedly recognized and protected this privilege. In *Cooper v. Delaware Valley Medical Center,* 539 Pa. 620, 628, 654 A.2d 547, 551 (1995), the court stated that "it is beyond question that peer review committees play a critical role in the effort to maintain high professional standards in the medical practice." See also, *Sanderson v. Frank S. Bryan M.D. Ltd.,* 361 Pa. Super. 491, 522 A.2d 1138 (1987).

In short, we fail to understand how requiring the hospital to follow the rule will violate the laudable purpose of the Peer Review Act. The rule does not mandate the disclosure of privileged information. It merely requires the hospital to identify with reasonable particularity the documents it is withholding, and to state why they are not discoverable.

## II. *Rule 4009: A Solution—Not a Problem*

We do not view the new rule as a problem. Instead, we welcome it as a wise solution to a dilemma that many trial court judges have struggled with all too often: how to determine whether a document falls within a privilege when a party makes a blanket objection asserting that a privilege applies. The new rule puts an end to these vague, general objections by requiring the withholding party to produce a meaningful response that will allow the discovering party and the court to evaluate whether or not the documents are discoverable.

In many cases, a party's Rule 4009.12(b)(2) response will immediately resolve the question. For instance, if a party lists documents that clearly fall under the

protection of the Act, no court should order such disclosure and no party should request a court to do so. The rule thus streamlines the discovery process and promotes efficiency by eliminating debates over documents that clearly are or are not discoverable. This procedure also is in keeping with the general principle that discovery should be conducted by the parties, with as little judicial involvement as possible.

However, there will undoubtedly be instances where a Rule 4009.12(b)(2) response will not resolve the issue. That is because many of the statutory privileges are, by their own terms, limited. The attorney-client privilege, for instance, does not protect *all* communications between a lawyer and a client. *Yi v. PennDOT,* 166 Pa. Commw. 214, 646 A.2d 603 (1994). Nor does the physician-patient privilege shield all statements made to a physician. 42 Pa.C.S. §5929. But although a Rule 4009.12(b)(2) response may not always resolve the question of whether a privilege applies, it will at least identify legitimate disputes.

The case currently before the court is a perfect illustration of the application of the new rule. The hospital has refused to provide *any* information contained in Dr. Dixon's personnel file, claiming that the entire file is protected by the Act. While there may be some documents in the file that are clearly peer review materials, the file might also contain documents that are not. Moreover, the peer review privilege does not even apply to all documents relating to peer review committees. The Act states that "the *proceedings and records* of a review committee" shall not be subject to discovery. 63 P.S. §424.4. (emphasis added) It also provides that "information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely

because they were presented during proceedings of such committee . . . ." 63 P.S. §424.4. In *Atkins v. Pottstown Memorial Medical Center*, 430 Pa. Super. 279, 634 A.2d 258 (1993), the Superior Court recognized that information, documents, and records available from other sources are not immune from discovery merely because they were presented to a peer review committee. See also, *Sanderson, supra.* In short, there is no way to ascertain from the hospital's blanket objection whether that personnel file contains protected material or not.

By prohibiting blanket objections to discovery requests, Rule 4009.12(b)(2) properly places the responsibility of resolving those disputes *with the court.* No longer may a withholding party play the role of judge by determining—on its own—that certain documents are not discoverable and issuing a bald assertion that a privilege applies. This is tantamount to placing the fox in charge of guarding the hen house. While many medical malpractice defendants would no doubt fulfill this role with honor, a few may be tempted to steal a chicken now and then. The Pennsylvania Supreme Court, in promulgating the new rule, has decided not to place the fate of injured plaintiffs in the hands of the doctors they are suing. We think this is a wise decision.

### III. *Resolving Legitimate Disputes: In Camera Review*

Once a legitimate dispute over a discovery objection has been identified, it will then be up to the court to determine whether or not discovery should be compelled. This may necessitate in camera review. Such a review is entirely proper when there is a valid question as to whether a privilege applies. Our Supreme Court

sanctioned this procedure in *Commonwealth v. Stewart*, 547 Pa. 277, 690 A.2d 195 (1997). In that case, the defendant served a subpoena duces tecum upon a Roman Catholic diocese, which claimed that it need not produce the documents because of the clergy-communicant privilege. The Supreme Court, however, pointed out that the privilege is limited to confidential communications, and does not apply to all documents the diocese held. The court therefore found that the trial court and the Superior Court had properly directed the diocese to produce these documents to the trial court for an in camera review to determine whether any of the documents were discoverable.

This court acknowledges, however, that in camera review is not permitted when the documents at issue are clearly protected by an absolute privilege. For instance, in *Commonwealth v. Kennedy*, 413 Pa. Super. 95, 604 A.2d 1036 (1992), the defendant sought the victim's psychological records in order to defend himself against sexual abuse charges. The court held that in camera review was not proper because the legislature had specifically mandated that such records remain confidential. 42 Pa.C.S. §5944. The Superior Court issued a similar ruling in *Commonwealth v. Kyle*, 367 Pa. Super. 484, 533 A.2d 120 (1987).

Peer review materials, by contrast, enjoy no such clear-cut, absolute privilege. Documents contained in a peer review file are not absolutely protected by the Peer Review Act. The Act merely protects the *proceedings and records* of a peer review committee from *discovery or introduction into evidence*. It certainly does not shield all documents that might be found in a personnel file, or even all documents in a peer review file. Nor does the Act create a privilege that would be violated by allowing a court to review disputed peer

review documents in camera. Whether an in camera review is proper or necessary in the case before this court will depend entirely upon the hospital's Rule 4009.12(b)(2) response.

## IV. *The "Reasonable Particularity" Requirement: How Particular Must It Be?*

The court acknowledges that the hospital has raised a legitimate concern over exactly what information it would be required to reveal in a Rule 4009.12(b)(2) response. Requiring the hospital to disclose the identity of the author of a letter to a peer review committee, for instance, would destroy the guarantee of anonymity that is so essential to the peer review system. Or requiring the hospital to summarize the contents of a peer review record would surely violate the privilege. The hospital fears that the rule would require it to disclose "the title of various documents, the name of the individual or individuals who prepared those documents, and a description of those documents." Hospital's brief in opposition to plaintiff's motion to compel, p. 5. The hospital thus invites us to construe the term "reasonable particularity" extremely narrowly, which creates a conflict with the Act. Such an interpretation is counter to the standard rule of construction whereby courts must construe statutes in a manner so as to avoid conflict, if possible. *Appeal of Yerger,* 460 Pa. 537, 333 A.2d 902 (1975) (in the absence of a manifestly contrary intention on the part of the legislature, construction of two statutes which allows both to operate is mandatory). We think this mandate applies to court promulgated rules, as well.

Moreover, nothing in the rule requires the highly specific type of disclosure asserted by the hospital. Our Supreme Court apparently anticipated potential prob-

lems and adroitly avoided them by artfully drafting the rule. Instead of specifying exactly what a party must include in its answer, the rule requires only that a withholding party identify the documents with "reasonable particularity." This makes the rule extremely flexible and allows a court to determine, on an individual basis, which disclosures are reasonable and which are not. That determination, of course, will depend upon what privilege is being asserted. Certainly in the instant case the hospital would not be required to disclose the identity of peer review participants or summarize the contents of peer review proceedings. The rule merely requires the hospital to identify the withheld material with sufficient particularity to enable a court to determine whether the hospital's objection is warranted or not. This can surely be done in a manner that protects the anonymity of the peer review participants and the confidentiality of the proceedings.

In the vast majority of cases, Rule 4009.12(b)(2) will streamline the discovery process without infringing in the least upon any protected privileges. However, there may be times, as the hospital warns, where even identifying the existence of documents subject to a privilege would violate that privilege.[4] In those cases, a

---

4. This is *not* one of those cases. The hospital has provided no convincing reasons why revealing the mere existence of peer review materials would violate the Peer Review Act. The hospital has submitted an affidavit from the senior vice president of Susquehanna Health System stating that identifying peer review documents, listing them with reasonable particularity, or describing them in any manner would have a "chilling effect" on the willingness of physicians to provide information on fellow physicians or participate in the peer review process. However, the affidavit appears to envision a strict construction of the rule as asserted by the hospital. There is no evidence that merely disclosing the existence of peer review documents in a physician's file would adversely affect the peer review system.

party might be deemed to have identified the material with "reasonable particularity" simply by stating that it possesses documents and that disclosing their very existence would violate a privilege.[5] Should the other side object to this response, an in camera review might then be appropriate.

## V. *Certification for Interlocutory Appeal*

The hospital has requested this court to certify our order for immediate interlocutory appeal. We must decline to do so because the issue before us does not qualify for interlocutory appeal under section 702(b) of the Judicial Code, 42 Pa.C.S. The strict requirements imposed by this provision of the code demonstrate the legislature's intent to severely limit the number of cases that are certified. Only in exceptional circumstances may a trial court justify disrupting a case as it makes its way through the judicial system and suspending it while awaiting an answer from the appellate courts. This is not one of those exceptional circumstances.

The provisions set forth in 42 Pa.C.S. §702(b) are clear and concise. There are essentially two requirements for a case to qualify for interlocutory appeal: (1) the issue must involve a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the matter.

Although there may be substantial grounds for a difference of opinion on the issue before us, we cannot find that it is a controlling question of law in the case.

---

5. For instance, such a response might be appropriate in regard to reports of child abuse, pursuant to 23 Pa.C.S. §6339, and HIV-related information, 35 P.S. §7609.

Until the time that the hospital answers the request for production in accordance with the rule there is no way to determine what type of information the hospital is withholding, and thus we cannot determine whether these materials are controlling in this case. The hospital has presented no evidence whatsoever that an order compelling it to follow Rule 4009.12(b)(2) is at all controlling. It has merely balked at filing an answer in accordance with the rule.

For the same reasons, this court cannot find that an immediate appeal would materially advance the ultimate termination of the matter. On the contrary, we believe that suspending the case at this point for an interlocutory appeal would unnecessarily delay the termination of the matter and would be unfair to the plaintiffs. We also believe that the Superior Court would refuse to hear the appeal under Pa.R.A.P. 311 and 1311,[6] for the same reasons that we decline to certify it.

The cases the hospital cites do not convince us otherwise. *In re June 1979 Allegheny County Investigating Grand Jury,* 490 Pa. 143, 415 A.2d 73 (1980) involves an appeal of a finding of contempt for refusing to comply with a subpoena demanding disclosure of information. It came before the appellate courts by way of a petition to review the trial court's contempt order—not an interlocutory order. The case is therefore inapplicable. *Sanderson, supra; In re "B,"* 482 Pa. 471, 394 A.2d 419 (1978), and *Commonwealth v. Moore,* 526 Pa. 152, 584 A.2d 936 (1991) involve orders compelling disclosure of specific information or denying a motion to compel disclosure of specific information. The case before this court, however, has not yet reached that

---

6. These rules permit an appellate court, in its discretion, to grant permission to appeal from a certified interlocutory order.

procedural posture. This court is merely ordering the hospital to identify whether there are any documents in dispute. Whether the hospital must disclose those documents is a question for another day.

Moreover, *Sanderson* does not specifically discuss the issue of whether the trial court had properly certified the order for interlocutory appeal. It therefore sheds little light on the matter. In *Moore,* the Superior Court held that the *Dugger*[7] rule does not apply to interlocutory appeals. The court did not, however, state exactly how important the withheld information must be to justify an interlocutory appeal. The court merely stated, "[W]e cannot find that the Superior Court abused its discretion in accepting the interlocutory appeal of this certified order," *Moore, supra* at 157, 584 A.2d at 939, and moved on to discuss the merits of the issue. Thus *Moore* does not alter our decision. Although the hospital need not show that it would be substantially handicapped by filing a Rule 4009.12(b)(2) response, the issue must still be controlling. For the reasons discussed above, we do not believe that it is.

The hospital bases its request for interlocutory appeal primarily upon the "paramount importance" of the issue. Defendant's brief in support of its request for reconsideration and for an immediate interlocutory appeal, p. 15. The issue before us is certainly important. That, however, is not one of the criteria specifically listed under 42 Pa.C.S. §702(b). Indeed, the Superior Court has ruled that it cannot accept an uncertified interlocu-

7. In *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985), the court held that the Commonwealth may appeal the granting of a suppression order as a *final order* when "the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution." *Dugger, supra* at 546-47, 486 A.2d at 386.

tory appeal solely because the issue is important. In *Gurnick v. Government Employees Insurance Co.*, 278 Pa. Super. 437, 439, 420 A.2d 620, 621 (1980), the Superior Court accepted an uncertified appeal of an interlocutory order because the issue was of "great importance" and would provide "guidance" to lower courts. One year later, however, the Superior Court overruled *Gurnick*, holding that it has no jurisdiction to hear interlocutory appeals that have not been certified as presenting controlling questions of law as to which there is a substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate determination of the matter. *Toll v. Toll*, 293 Pa. Super. 549, 439 A.2d 712 (1981*), affirmed*, 498 Pa. 536, 448 A.2d 1379 (1982).

The hospital points to a footnote in *Sanderson* where the Superior Court states, "We granted appellants' petitions for permission to appeal as authorized by 42 Pa.C.S. §702(b) (Purdon 1981) because of the importance of the issue involved herein and because of the conflicting decisions of Pennsylvania trial courts interpreting the Peer Review Protection Act." *Sanderson, supra*, at 492 n.1, 522 A.2d at 1139 n.1. However, that quotation does not convince this court that we may certify an interlocutory order simply because it may be an important legal issue in *other cases*. Although nothing prevents a trial court from considering the significance of the issue in deciding whether to certify an order, that cannot be the sole basis. The requirements of section 702(b) must still be met. Similarly, nothing prevents the Superior Court from considering the importance of an issue when deciding whether to accept for review an order that has been certified.

Our refusal to certify the discovery order does not leave the hospital without recourse. As the *Toll* court

correctly stated in rejecting the uncertified interlocutory appeal before it, the losing party may challenge a certification refusal by filing a petition for review with the Superior Court, pursuant to Pa.R.A.P. 1311 Note. The hospital is welcome to file such a petition.

### ORDER

And now, November 18, 1998, the order issued by the Honorable William S. Kieser on July 27, 1998 denying the Williamsport Hospital and Medical Center's motion to reconsider or stay the proceedings and denying the hospital's motion for certification for immediate interlocutory appeal, is affirmed.