**Randy HANNIS and Dawn Hannis, as parents and natural guardians of Devyn HANNIS, a minor, Robert Kline and Gina Kline, as parents and natural guardians of Mason Kline, a minor, Luis Rodriguez and Elizabeth Rodriguez, as parents and natural guardians of Catalina Rodriguez, a minor, Harold Rockman, Trinette**

---

Kraftician, as parents and natural guardians of Briana Kraftician, a minor; Lisa Kozero, as parent and natural guardian of Joseph A. Kozero, a minor; Claudette Jenson; Valerie Santiago, as parent and natural guardian of Elijah Holmes Santiago, a minor, Individually and on behalf of others similarly situated and Luis Rodriguez and Elizabeth Rodriguez, as parents and natural guardians of Catalina Rodriguez, a minor; Harold Rockman; Claudette Jenson; Individually, Appellants,

v.

SACRED HEART HOSPITAL and Nestor Rios, M.D. and City of Allentown and Allentown Bureau of Health.

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 2001.

Decided Dec. 10, 2001.

Robert G. Bauer, Philadelphia, for appellants.

Patricia A. Siemiontkowski, Allentown, for appellees.

Before COLINS, Judge, McGINLEY, Judge, McCLOSKEY, Senior Judge.

COLINS, Judge.

Before us is an interlocutory appeal by permission[1] of a Lehigh County Court of Common Pleas order denying the named plaintiffs' (Plaintiffs) motion to compel the Allentown Bureau of Health to produce the names of possible class members in connection with a class action negligence suit they filed against Nestor Rios, M.D., a pediatrician, and his employer, Sacred Heart Hospital.

The Plaintiffs, individually and/or on behalf of their minor children, seek damages in connection with Dr. Rios having treated or had contact with them when he knew or should have known that he had infectious tuberculosis and without advising them of his condition or taking precautions to protect them from exposure to the disease. By order dated June 20, 2000, the trial court granted class certification and defined the class to include all persons 1) who, between November 1, 1995 and February 21, 1996 at Sacred Heart Hospital or Clinic, came into contact with, were exposed to, or were in close proximity with Dr. Rios; 2) who the Bureau of Health identified as having had such contact, exposure, or proximity during that period; 3) who were administered specified tests as a result of said contact, exposure, or proximity; and 4) who either tested positive for tuberculosis and received treatment or who received prophylactic medication and suffered adverse side-effects.

On September 6, 2000, the Plaintiffs filed a motion to compel the Bureau of Health to produce the names of potential class members as defined by the trial court. The motion alleged that the Bureau of Health conducted an investigation and identified persons who were exposed to Dr. Rios, tested exposed persons, and coordinated their medical treatment. It further alleged that only the Bureau of Health possessed the information from which the identities of these individuals could be ascertained and that without the information, the Plaintiffs would be unable to identify potential class members.

The Bureau of Health takes the position that the requested information is privileged, protected, and confidential under Section 15 of the Disease and Prevention Control Law of 1955 (Law).[2] Furthermore, it disagrees with the allegation that it is the only source of the information, citing newspapers, television, radio, posting, and other means of distribution as means informing the public of their potential status as class members. Citing *Commonwealth v. Moore*, 526 Pa. 152, 584 A.2d 936 (1991), the Bureau of Health denies the general power of a court to direct the release of information that the legislature has explicitly directed to be kept confidential.

After due consideration, the trial court denied the motion, agreeing with the Bureau of Health that the Law prohibits disclosure of the requested information in this case, and that the interests protected by this qualified privilege outweigh those of plaintiffs seeking damages in a negligence action. The court also rejected the Plaintiffs' alternative request that it compel the Bureau of Health to notify prospective class members of their right to be included in the Plaintiffs' action, thereby protecting their right to confidentiality.

Before Commonwealth Court, the Plaintiffs raise essentially the same issues they

1. By order dated March 30, 2001, we granted the Plaintiffs' petition for permission to appeal pursuant to Pa. R.A.P. 1311.

2. Act of April 23, 1955, P.L. (1955) 1510, *as amended*, 35 P.S. § 521.15.

raised before the trial court. Here they argue that Section 15 of the Law does not on its face prevent the Bureau of Health from identifying the persons it contacted; rather, they contend, it prohibits the disclosure of reports and treatment records, which have not been requested. They distinguish *Moore* from the present case, because *Moore* involved a request for treatment records and because the use of confidential information in that case would have been detrimental to the person whose confidentiality was at stake. Moreover, they argue, the Law does not prevent the Bureau of Health from itself notifying the prospective class members it identified of their rights to be included in the class action suit.

Section 15 of the Law states,

State and local health authorities may not disclose reports of diseases, any records maintained as a result of any action taken in consequence of such reports, or any other records maintained pursuant to this act or any regulations, to any person who is not a member of the department or of a local board or department of health, except where necessary to carry our the purposes of this act. State and local health authorities may permit the use of data contained in disease reports and other records, maintained pursuant to this act, or any regulation, for research purposes, subject to strict supervision by the health authorities to insure that the use of the reports and records is limited to the specific research purposes.

35 P.S. § 521.15. As noted by the trial court, Section 15 of the Law creates a qualified privilege; it prohibits disclosure

of local health department records and reports except in the specified circumstances.[3] Under the rules of civil procedure, privileged matters are beyond the scope of discovery. Pa. R.C.P. No. 4003.1.[4]

Section 15 of the Law, titled "Confidentiality of reports and records," pertains to reports of diseases, records maintained as a result of agency actions taken in response to such reports, and any other records the agency maintains pursuant to the Law and regulations. The Bureau of Health takes the position that the information sought is information that it obtained and maintains as a result of a public health investigation involving Dr. Rios and that the legislature directed to be kept confidential. The Plaintiffs distinguish the information they seek—i.e., the names and addresses of persons treated—from the reports and records in which they are contained.

*Moore*, the only case interpreting the Law's confidentiality provision, arose from a criminal case in which the trial court denied a district attorney's petition for access to confidential information maintained by a county health department. Suspecting that a criminal defendant had received treatment at the county health department for a venereal disease, the district attorney sought evidence that the defendant had the disease at the time he committed the sex crimes for which he was on trial. Although the request in *Moore* may have been for treatment records, the Supreme Court held in the broadest terms that the general powers of the courts do not include the power to grant access to information

---

3. *See V.B.T. v. Family Services of Western Pennsylvania,* 705 A.2d 1325 (Pa.Super.1998), *affirmed,* 556 Pa. 430, 728 A.2d 953 (1999) (privilege is absolute when statutory language creates no exception).

4. Before the amendments effective January 1, 1990, Pa. R.C.P. No. 4011(c) stated, "No discovery or deposition shall be permitted which . . . (c) relates to matter which is privileged; . . . ."

that the legislature expressly made confidential. It went on to conclude that the disclosure of information relevant to the prosecution of a criminal case did not further the purposes of the Law: to charge local health departments with the primary responsibility for the prevention and control of diseases and to institute a system of mandatory reporting, examination, diagnosis, and treatment of communicable diseases.

■ Pursuant to the *Moore* decision, the information sought in the present case is not subject to discovery because disclosure of information relevant to identifying class members in a suit for damages would not further the purposes of the Law as articulated. The names and addresses of persons identified by the Bureau of Health in connection with its investigation of Dr. Rios are confidential information contained in confidential records, and they are not discoverable apart from the records themselves.[5] The Plaintiffs' attempt to distinguish the two is without merit, and we must conclude that disclosure of names and addresses would not only not further the Law's purposes, but would ultimately undermine the local health agency's ability to collect information and deter patients from seeking treatment. Confidentiality in this case inures to the benefit of the local health department and the public as well as to the benefit of the patient.

■ As for the Plaintiffs' alternative request, compelling the Bureau of Health to notify persons it identified in its investigation that they are potential class members would have the same effect as disclosure of the confidential information. The Law au-

thorizes local health departments to compile and maintain information in the course and scope of their statutory mandate to prevent and control communicable diseases. If they may not disclose such information, certainly they may not use confidential information or facilitate its use for purposes outside the scope of that statutory mandate. Furthermore, we agree with the Bureau of Health that it is not the only source of the information. The Plaintiffs have ample means of identifying interested class members through advertisements in newspapers, television, radio, posting, and other means of distribution.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 10th day of December 2001, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

**5.** In some cases, a record or report may consist of little more than the patient's name, address, and diagnosis. 28 Pa.Code § 27.21 requires physicians to report suspected cases of tuberculosis by providing the patient's name, address, date of onset, and the physi-

cian's name, address, and telephone number. § 27.22 requires laboratories to report test results for communicable diseases consisting of only the patient's name, age, and address and the physician's name and address.