J-S18020-23

2023 PA Super 107

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY A. JAMES | : | |
| | : | |
| Appellant | : | No. 822 EDA 2022 |

Appeal from the Order Entered December 16, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007957-2021

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY DUBOW, J.:                        **FILED JUNE 13, 2023**

Appellant, Gregory A. James, appeals from the December 16, 2021 order entered in the Court of Common Pleas of Philadelphia County, which granted the Commonwealth's request for release of Appellant's prison medical records specific to the results of testing for venereal disease. After careful review, we affirm.

On September 21, 2021, the Commonwealth charged Appellant with, *inter alia*, Rape of a Child. The charges stem from allegations that Appellant raped his 5-year-old nephew. At some point after the alleged rape occurred, Appellant's nephew tested positive for a venereal disease.

On November 30, 2021, the Commonwealth requested that the court order disclosure of Appellant's prison medical records, to prove that Appellant had tested positive for the same venereal disease when screened upon

_____

* Former Justice specially assigned to the Superior Court.

imprisonment. On December 7, 2021, the trial court held a hearing on the Commonwealth's discovery request.

On December 16, 2021, the trial court ordered the Philadelphia Department of Prisons ("PDP")[1] to release Appellant's medical records to the court, limited to records related to testing for and treatment of venereal disease, for the court to conduct an *in camera* review.

On February 10, 2022, the trial court certified the instant issue for immediate interlocutory appeal pursuant Pa.R.A.P. 312 and 42 Pa.C.S. § 702(b).[2] On April 1, 2022, this Court issued a *per curiam* order permitting the instant appeal pursuant to Pa.R.A.P. 1311(b). We, thus, have jurisdiction to address the merits of this appeal.[3]

Appellant raises a single issue for our review:

Whether the Court of Common Pleas may order that [PDP] records relating to a particular defendant's communicable disease may be disclosed to the Court of Common Pleas and/or the Commonwealth?

_____

[1] In its order, the court referred to the PDP as the "Philadelphia Prison Health System." Order, 12/16/21.

[2] These rules permit a trial court to certify an otherwise interlocutory order for immediate appeal where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]" 42 Pa.C.S. § 702(b).

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's Br. at 3.[4]

On appeal, Appellant argues that the Disease Prevention and Control Law of 1955 (the "DPCL"), 35 P.S. §§ 521.1-521.21, prevents disclosure of his medical records to the court. Specifically, Appellant argues that the PDP is barred by Section 521.15 from disclosing his medical records. Appellant's Br. at 13-32.

Section 521.15 strictly limits the ability of "[s]tate and local health authorities" to "disclose reports of [communicable] diseases" or "any records maintained as a result of any action taken in consequence of such reports[.]" 35 P.S. § 521.15(a). This Court, however, in **Commonwealth v. Nieves**, 582 A.2d 341, 344 (Pa. Super. 1990), determined that Section 521.15 does not apply to prison medical records. **See also Commonwealth v. Alston**, 748 A.2d 677, 681 (Pa. Super. 2000) (explaining that no "absolute right of privacy" exists for prison medical records).

Moreover, Appellant has failed to convince us that the legislature intended to include prison health services in the definition of "state and local health authorities." The regulations implementing the DPCL define "[l]ocal health authority" as "[a] county or municipal department of health[.]" 28 Pa.

_____

[4] We review the instant order for an abuse of discretion, which we will find only if the court's "ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." **Commonwealth v. Pugh**, 101 A.3d 820, 822 (Pa. Super. 2014) (citation omitted).

- 3 -

Code § 27.1.[5] The PDP is clearly not a "county or municipal department of health[.]" *Id.*

We also decline Appellant's request to find that in ***Commonwealth v. Moore***, 584 A.2d 936 (Pa. 1991), our Supreme Court overruled ***Nieves*** *sub silentio*. Appellant's Br. at 15. In ***Moore***, our Supreme Court found that the DPCL precludes the Allegheny County Health Department from disclosing a criminal defendant's medical records related to treatment for a venereal disease. *Id.* at 939-40. ***Moore*** stated nothing of the applicability of the DPCL to prison health records, the issue in ***Nieves***. Moreover, since we are presently concerned with disclosure of medical records by the PDP, and the PDP is not a county health department, ***Moore*** is inapplicable to the instant case.

In conclusion, since ***Nieves*** remains binding precedent upon this Court and is controlling in this case, and Appellant's arguments to the contrary are unavailing, we affirm the trial court's order requiring the PDP to release Appellant's records to the court.

Order affirmed.

_____

[5] The DPCL places within the power of the Department of Health, through its Advisory Health Board, to define the "health authorities" to whom the DPCL applies. ***See*** 35 P.S. § 521.16(a)(2).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023